VICENTA SANTIAGO VDA. DE MARTÍNEZ, demandante y apelante, *v.* THE GREAT AMERICAN INSURANCE CO. OF NEW YORK, demandada y apelada.

Núm. 7133.—*Sometido:* Noviembre 4, 1937. *Resuelto:* Noviembre 18, 1937.

*F. Colón Díaz,* abogado de la apelante; *J. Valldejuli Rodríguez,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La demandante reclama la cantidad de $1,000, importe de una póliza de seguro contra incendio expedida por la demandada sobre un *truck* Day-Elder de tres toneladas, que fué destruído por incendio el día 27 de septiembre de 1930, con más los intereses legales, costas, gastos y honorarios de abogado.

La demandada aceptó la expedición de la póliza, negó los demás hechos esenciales de la demanda e interpuso las siguientes defensas especiales:

"*Primero:* Que si en el sitio, fecha y hora que se dice en la demanda, ocurrió el siniestro que se alega en la demanda, el mismo ocurrió por el mandato, voluntad e ingerencia de la demandante, quien por mediación de sus agentes y empleados, actuó en forma tal que si ocurrió el siniestro como se alega en la demanda, se realizó voluntariamente por la demandante.

"*Segundo:* Que el siniestro que se alega en la demanda y en la forma que ha sido realizado no está cubierto por la póliza de seguro que se alega en la demanda ni por ningún otro contrato sobre seguro.

"*Tercero:* Que la demanda en este caso no aduce hechos suficientes para constituir una causa de acción en derecho y se funda esta alegación en el artículo 105 del Código de Enjuiciamiento Civil de Puerto Rico.

"*Cuarto:* Que el accidente si ocurrió no se debió a fuerza mayor y sí a agentes voluntarios que contra la ley realizaron tales hechos a los efectos de aprovecharse de cualquier reclamación que pudieran tener."

La corte inferior declaró sin lugar la demanda con costas a la parte demandante. Y en su relación del caso y opinión, después de un cuidadoso análisis de la prueba, declara probado satisfactoriamente que "el incendio del *truck* origen de este pleito y que fué asegurado por la demandada, no se debió a fuerza mayor ni a un caso fortuito y sí fué debido a agentes voluntarios que contra la ley realizaron tal hecho con el fin de aprovecharse de cualquier reclamación que pudieran tener."

En su alegato la parte apelante señala como único error el siguiente:

"Erró la Corte de Distrito del Distrito Judicial de Ponce, Puerto Rico, manifiestamente en la apreciación de la prueba en este caso."

Hemos hecho un cuidadoso estudio de la transcripción de la evidencia y opinamos que la apreciación que de la prueba hizo la corte de distrito está ampliamente justificada. No existe, a nuestro juicio, error manifiesto en la apreciación de la prueba. Y no imputándose a la corte sentenciadora el haber actuado movida por pasión, prejuicio o parcialidad, *debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.